```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/4/2023

                -against-

FLORENTINO NOEL SANTOS,

                              Defendant.
----------------------------------------------------------X

17-CR-388 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Florentino Noel Santos has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 153.) The Government opposes Santos's motion. (Gov't Opp'n, ECF No. 155.) For the reasons set forth below, Santos's motion is DENIED.

## BACKGROUND

Santos was a leader in a drug trafficking organization that distributed large quantities of fentanyl in the Bronx. (Presentence Investigation Report ("PSR") ¶¶ 1, 28, ECF No. 152.) After being arrested during a Drug Enforcement Administration sting operation, Santos pleaded guilty to conspiracy to possess and distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (*Id.* ¶ 1; Plea Tr. 16:6-8, ECF No. 78.) On September 18, 2018, the Court sentenced Santos to 168 months' imprisonment, finding that a lengthy sentence was appropriate because Santos's offense was "extraordinarily serious." (Sent'g Tr. 15:20-21.)

On April 22, 2022, Santos filed the present motion for compassionate release. (Def.'s Mot.) Santos asks the Court to reduce his sentence to time served or to transfer him to home

confinement for the remainder of his sentence. (*Id.* at 1-2.) Santos argues that compassionate release is warranted because he is at "high risk of serious illness due to COVID-19" at Federal Correctional Institution ("FCI") Danbury. (*Id.* at 1.) The Government filed a response in opposition to Santos's motion on September 23, 2022. (Gov't Opp'n.)

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* With the passage of the First Step Act, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release and are not limited to those circumstances specified in the Sentencing Guidelines. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Third, the Section 3553(a) sentencing factors must support early release. 18 U.S.C. § 3582(c)(1)(A). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

**I.      Santos's Motion is Properly Before the Court.**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may move for compassionate release

only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Importantly, "[Section 3582(c)(1)(A)] does not necessarily require [a] defendant to fully litigate his claim before [the BOP] before bringing his petition to court. Rather, it requires [a] defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (Rakoff, J.).[1]

Here, Santos submitted a request for compassionate release to the Warden of FCI Danbury on January 31, 2022. (*See* Gov't Opp'n, Ex. A.) On February 9, 2022, the Warden denied Santos's request. (*Id.*) Santos did not appeal the Warden's decision. Santos waited more than 30 days after he submitted his original request on January 31, 2022 to file his motion for compassionate release on April 22, 2022. (Def.'s Mot.) Accordingly, Santos's motion is properly before the Court.

**II.  Santos Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release.**

In his motion, Santos argues that compassionate release is warranted because he is at "high-risk of serious illness due to COVID-19" at FCI Danbury. (Def.'s Mot. at 1.) This argument lacks merit.

First, Santos has failed to identify a single underlying medical condition that places him

---

[1] District courts in this circuit "split on how to interpret [§ 3582(c)(1)(A)'s] provision permitting an inmate to move for a sentence reduction 'after . . . the lapse of 30 days from the receipt' by the warden of an inmate's request." *United States v. Saladino*, 7 F.4th 120, 123-24 (2d Cir. 2021). Although some courts have concluded that this 30-day waiting period is applicable only when the BOP does not respond to the defendant's request, others have concluded that this waiting period authorizes the defendant to file a motion regardless of whether the warden responds to the defendant's request for compassionate release. *Id.* This Court has adopted the latter approach. *See United States v. El-Hanafi*, 460 F. Supp. 3d 502, 506 (S.D.N.Y. 2020) (Wood, J.).

at heightened risk from COVID-19.  Santos's medical records show that he is relatively young and healthy, although he is slightly obese.  (Gov't Opp'n, Ex. A.)  Second, Santos has refused the COVID-19 vaccine even though he has been advised that vaccines offer significant protection from contracting or becoming seriously ill from COVID-19.  (*Id.*)  "[C]ourts in this district . . . have nearly uniformly denied compassionate release sought for medical reasons" when defendants "refuse[] the COVID-19 vaccine."  *United States v. Robinson*, No. 17-CR-611, 2021 WL 1565663, *3 (S.D.N.Y. Apr. 21, 2021) (Torres, J.) (collecting cases).  Third, FCI Danbury has implemented safety measures to reduce the risk of COVID-19 infection including enhanced sanitation procedures, testing, and quarantining.  *COVID-19 Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited January 2, 2023, 4:00 PM).  Accordingly, Santos cannot show that COVID-19 is an "extraordinary and compelling" reason for release.

**III.   The Section 3553(a) Factors Weigh Against Release.**

Even if Santos could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the applicable § 3553(a) factors weigh against early release.  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) any policy statement by the Sentencing Commission; (6) the obligation to avoid disparate sentences among similarly situated defendants; and (7) the goal of providing restitution.  18 U.S.C. § 3553(a).

Here, Santos committed an "extraordinarily serious" offense.  (Sent'g Tr. 15:20-21.)  He served as a "manager" in a drug trafficking organization which distributed large quantities of fentanyl in the Bronx.  (PSR ¶¶ 1, 28.)  Fentanyl is an extremely addictive and dangerous narcotic, which leads to tens of thousands of overdose deaths in the United States each year.

*Fentanyl*, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/opioids/basics/fentanyl.html (last updated June 1, 2022).  Releasing Santos now, when he has served only slightly more than 30% of his sentence, would show disregard for the severity of Santos's conduct.

Furthermore, Santos is a recidivist drug dealer.  In 2007, he was arrested for dealing cocaine and was sentenced to 42 months' imprisonment.  (PSR ¶ 41.)  After being released in 2010, he violated the conditions of his parole, and was sent back to prison.  (*Id.*)  A 168-month sentence is necessary to adequately deter Santos from engaging in further criminal activity and to protect the community from additional damage caused by his drug dealing.

Last, Santos has accrued a lengthy disciplinary record while in prison.  Since being incarcerated, Santos has received numerous sanctions, including for talking to other inmates on the phone in code, giving or accepting money without authorization, and possessing drugs or alcohol.  (Gov't Opp'n, Ex. A.)  Such transgressions indicate that Santos has not fully committed to rehabilitation.  Hence, the Court finds that the § 3553(a) considerations weigh heavily against compassionate release.

## CONCLUSION

For the foregoing reasons, Santos's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 153 and to mail a copy of this order to Defendant.

SO ORDERED.

Dated:   New York, New York           */s/ Kimba M. Wood*
        January 4, 2023                    KIMBA M. WOOD
                                   United States District Judge